■ In the Matter of the Arbitration between COUNTY OF DUTCHESS, Respondent, and CORRINE BRIDGMAN, Appellant.— In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered December 11, 1987, which granted the application.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellant's contentions, the Supreme Court properly entertained the petitioner's application to stay arbitration on the ground that the claim sought to be arbitrated was not one which the parties had agreed to arbitrate under their collective bargaining agreement. That issue is one for the court to determine *(see, Sisters of St. John the Baptist v Geraghty Constructor,* 67 NY2d 997, 998; *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 5; *Matter of Hudson Watch Assocs. v H.F.S. Elec.,* 134 AD2d 352; *County of Rockland v Rockland County Unit,* 125 AD2d 531, 532).

Moreover, the court properly stayed arbitration. It is undisputed by the parties that the claim sought to be arbitrated is premised not upon the provisions of the collective bargaining agreement, but rather, upon the county's alleged wrongful failure to pay statutory benefits pursuant to General Municipal Law § 207-c. In light of the foregoing, and considering the absence of a valid and specific agreement between the parties evidencing an intent to arbitrate such claims, the petitioner's application to stay arbitration was properly granted *(cf., County of Rockland v Rockland County Unit, supra,* at 532). Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.